STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

A.T. CROSS COMPANY :

v. : C.A. No. 05-6259

SILVON SOFTWARE, INC. :

**COMPLAINT**

A.T. Cross Company ("Cross") brings this action against Silvon Software, Inc. ("Silvon") for breach of contract, misrepresentation, and breach of warranty arising out of the sale of an integrated computer software package that failed to operate as warranted and represented.

**Parties and Jurisdiction**

1. Cross is a Rhode Island corporation with its principal place of business at One Albion Road, Lincoln, Rhode Island.

2. Upon information and belief, Silvon Software, Inc. is an Illinois corporation with its principal place of business at 900 Oakmont Lane, Westmont, Illinois.

3. The amount in controversy exceeds $10,000.00, exclusive of interest and costs.

4. This Court has jurisdiction over the subject matter pursuant to Rhode Island General Laws § 8-2-14 and §8-2-13.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence Rhode Island

SUPERIOR COURT
FILED
HENRY S. KINCH JR., CLERK
2005 DEC -7 P 4: 24

## <u>Facts Common to All Counts</u>

### *Nature of Cross's Business*

5. Cross is a major international manufacturer of fine writing instruments, timepieces and personal accessories.

6. An enterprise-level forecasting system, i.e. software that will enable Cross to analyze and predict supply and demand, is critical to Cross's business as Cross changes its business model from manufacturing to importing/exporting.

7. For this reason, Cross was highly deliberative in its selection of a provider of forecasting software and support services.

8. Cross described in detail what functions were necessary to its business in a carefully constructed Request for Information (RFI) to all prospective vendors.

### *The Request for Information, Silvon, and the Stratum Solution System*

9. Silvon is in the business of selling computer software for use in business and industry.

10. In November and December 2004, Silvon responded to the RFI by making presentations of its Stratum Solution System (alternately "the Software" or "Stratum System") to Cross.

11. Silvon misrepresented its Stratum Solution System as being capable of performing all of the necessary functions on a completely integrated basis.

12. Silvon did not identify any item of the RFI as a potential area for trouble during its presentations, nor did Silvon advise that the forecast process outlined in the RFI would be unwieldy were it performed using its Software.

13. Silvon asserted that its solution could meet all the requirements of the RFI with minimal customizations.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence Rhode Island

14. Cross relied on Silvon's express representations that the Stratum System was capable of performing most of the functions detailed in the RFI.

15. Based on Silvon's response to the RFI and express representations made therewith, Cross contracted to purchase the Stratum System from Silvon.

16. Silvon and Cross entered into an agreement whereby Silvon agreed to license and sell to Cross its Stratum System forecasting software suite of products and to provide programming, installation, training, maintenance and consulting services in connection with the license and sale of the Software.

17. Silvon represented that the Software was or could be made capable of performing various tasks suited to the nature of Cross's business without significant customizations.

18. The Software was supposed to be implemented and to go live on or before the first week of May 2005.

19. It wasn't until the system was being implemented that Silvon's technicians presented a more candid picture of the Software's limitations.

20. The consulting services to be delivered under the agreement, particularly the management, implementation and support tasks related thereto, were often delayed or performed in a manner that did not meet the agreed upon schedule for such consulting services.

21. Although the Software was delivered and fully paid for, it was never fully implemented or able to perform the essential functions, which the Software was required to perform.

22. The Software was incapable of adjusting for causals, creating new product forecasts, creating scale forecast per revenue plans, modifying marketing and sales plans, publishing forecast accuracy or implementing a weekly monitoring process. See Cross's Letter to Silvon of August 4, 2005 at 2 (Exhibit A).

True Copy Attest,

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

23. Many of these functions are standard functions in forecasting software.

24. As a result of the fatal errors and system crashes, the implementation of the Software was unable to go live by the agreed upon date.

***Delivery of the Stratum System***

25. The installation of the Software was an unmitigated disaster for Cross.

26. Despite Cross's best efforts to assist in the implementation process, including the full-time efforts of a Senior Systems Analyst, Forecast Manager and Forecast Analyst, and the allocation of significant additional resources, the Software was incapable of meeting the specified requirements.

27. The problems surrounding the implementation and functionality of the Software and the related issues concerning Silvon's lack of performance were well documented.

28. Cross representatives had several discussions regarding the failed implementation of the Software with Silvon's Vice President of Sales and Marketing.

29. Despite Silvon's efforts to address such issues, Silvon was not able to make the Software function as the parties originally agreed.

30. In April 2005, Cross had no choice but to take the Stratum System off-line and revert to a prior manual process

31. In short, the Software provided nothing of value to Cross.

32. Silvon did not deliver a computer forecasting system which conforms to either the RFI or the parties' agreement.

33. The Stratum System was so riddled with functionality problems that Cross was precluded from any effective use of the system.

True Copy Attest
Office of Clerk Superior Court
Counties of Providence & Bristol
Providence Rhode Island

34. Cross's payments to Silvon, incurred in connection with the failed installation, include: $44,000.00 in licensing fees, $7,920.00 in pre-paid maintenance fees, and $62,160.77 in consulting fees and expenses.

35. Cross requested reimbursement of all license fees, pre-paid maintenance fees, and consulting fees and expenses.

36. In a letter dated June 15, 2005, Silvon denied any responsibility for the Software problems and refused to refund fees paid by Cross.

**COUNT I**
**(Equitable Rescission -**
**Misrepresentation in the Inducement)**

37. Cross repeats and incorporates by reference the allegations contained in paragraphs 1 through 36 above, as if set out in full.

38. Silvon misrepresented the Stratum System's ability to timely perform the functions detailed in the RFI in order to induce Cross to enter into the agreement.

39. Cross, to its detriment, entered into the agreement in reliance on these material misrepresentations.

**COUNT II**
**(Breach of Contract)**

40. Cross repeats and incorporates by reference the allegations contained in paragraphs 1 through 37 above, as if set out in full.

41. Cross fully performed all of its obligations under the terms of the parties' agreement.

42. Silvon tendered a forecasting software suite that was nonconforming to, and in breach of, the parties' agreement.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence Rhode Island

43. Silvon tendered consulting services that were nonconforming to, and in breach of, the parties' agreement.

44. As a result of Silvon's breach of contract, Cross has been injured in an amount in excess of $114, 080.77 in addition to other consequential and compensatory damages.

**COUNT III**
**(Breach of Warranty)**

45. Cross repeats and incorporates by reference the allegations contained in paragraphs 1 through 44 above, as if set out in full.

46. Silvon warranted that the Software would conform to Silvon's published specifications in effect on the date of delivery and the Software would perform substantially as described in the accompanying Documentation (user manuals and generally available documentation provided by Silvon) after delivery.

47. Silvon further warranted that it would make commercially reasonable efforts to perform the services (programming, installation, training, maintenance and consulting services) in conformance with industry practices.

48. Cross documented numerous defects in the Software.

49. Silvon failed to make commercially reasonable efforts correct all of the defects that Cross documented.

50. Silvon breached its warranty under the agreement. As a result thereof, Cross has been injured in an amount in excess of $114,080.77 in addition to other consequential and compensatory damages.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence Rhode Island

**COUNT IV**
**(Breach of Warranty of Quality and Performance in Workmanlike Manner)**

51. Cross repeats and incorporates by reference the allegations contained in paragraphs 1 through 50 above, as if set out in full.

52. Silvon impliedly warranted that the services it provided under the agreement would be delivered in a timely and workmanlike manner and comport with those standards of quality recognized in the software industry.

53. The services delivered by Silvon were sub-standard.

54. Silvon breached its implied warranty of quality and performance in a workmanlike manner. As a result thereof, Cross has been injured in an amount in excess of $114,080.77 in addition to other consequential and compensatory damages.

**COUNT V**
**(Breach of Implied Warranty of Merchantability)**

55. Cross repeats and incorporates by reference the allegations contained in paragraphs 1 through 54 above, as if set out in full.

56. The Stratum System was tendered by Silvon to Cross in a condition unfit for its ordinary, intended purpose.

57. Silvon breached the warranty of merchantability implied in the agreement. As a result thereof, Cross has been injured in an amount in excess of $114,080.77 in addition to other consequential and compensatory damages.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence Rhode Island

**COUNT VI**
**(Breach of Implied Warranty of Fitness for a Particular Purpose)**

58. Cross repeats and incorporates by reference the allegations contained in paragraphs 1 through 57 above, as if set out in full.

59. The Stratum System was tendered by Silvon to Cross in a condition unfit for the purpose for which it was intended.

60. Silvon breached the warranty of fitness for particular purpose implied in the agreement. As a result thereof, Cross has been injured in an amount in excess of $114,080.77 in addition to other consequential and compensatory damages.

**COUNT VII**
**(Breach of Implied Warranty of Integration)**

61. Cross repeats and incorporates by reference the allegations contained in paragraphs 1 through 60 above, as if set out in full.

62. The Stratum System that Silvon tendered to Cross was designed to be a "Component System" consisting of four separate software packages which would be operable on Cross's hardware.

63. Sivon impliedly warranted that the component software systems would work together as a single integrated software package and that it would be operable on Cross's hardware.

64. The Stratum System failed to operate as an integrated system such that Silvon breached the implied warranty of integration. As a result thereof, Cross has been injured in an amount in excess of $114,080.77 in addition to other consequential and compensatory damages.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence Rhode Island

**COUNT VIII**
**(Breach of Implied Covenant of Good Faith and Fair Dealing)**

65. Cross repeats and incorporates by reference the allegations contained in paragraphs 1 through 64 above, as if set out in full.

66. Silvon's acts and/or omissions in failing to disclose the true capabilities and limitations of the Stratum System constitute a breach of the covenant of good faith and fair dealing implied by law.

67. As a direct result of Silvon's breach, Cross has suffered damages. As a result thereof, Cross has been injured in an amount in excess of $114,080.77 in addition to other consequential and compensatory damages.

**COUNT IX**
**(Misrepresentation)**

68. Cross repeats and incorporates by reference the allegations contained in paragraphs 1 through 67 above, as if set out in full.

69. At the time that Silvon responded to the RFI, Silvon knew that it could not deliver the functions required of the system with the software that Silvon selected for Cross.

70. Silvon misrepresented its capabilities to modify and enhance the Stratum System to conform to Cross's needs and that the capability to perform demand forecasting functions would be available by May 2005, the agreed upon live date.

71. Throughout the period in which Silvon undertook to repair the Stratum System, Silvon continued to represent that the system was capable of performing those functions required by Cross.

A True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

72. Cross justifiably relied on Silvon's representations.

73. As a direct and proximate result of Silvon's material misrepresentations, Cross has sustained damages.

**COUNT XI**
**(Unjust Enrichment)**

74. Cross repeats and incorporates by reference the allegations contained in paragraphs 1 through 73 above, as if set out in full.

75. Cross paid for Silvon's software, maintenance services, and consulting services but received nothing of value from Silvon in return.

76. Silvon appreciated the benefit conferred on it by Cross.

77. To retain payments for the Stratum System would be inequitable because the Stratum System did not work as represented.

78. Silvon has been unjustly enriched by its failure to reimburse Cross for its pecuniary losses on account of the problems encountered with the Stratum System.

79. Cross is entitled to receive reasonable reimbursement.

WHEREFORE, Cross prays that this Court grant the following relief:

(a) Rescission of the contract between the parties and order that all sums paid by Plaintiff be refunded;

(c) Judgment against Defendant for compensatory and consequential damages in an amount to be determined at trial on all counts of the Complaint;

(d) Interest, costs and attorneys fees to Plaintiff; and

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence Rhode Island

(e) Such other further equitable or injunctive relief as this Court deems necessary and proper.

***PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.***

A.T. Cross Company,

By its Attorney,

William R. Grimm (#1938)
HINCKLEY ALLEN & SNYDER LLP
1500 Fleet Center
Providence, RI 02903
Tel: (401) 274-2000
Fax: (401) 277-9600

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence Rhode Island