**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| A.T. CROSS COMPANY | : | |
| | : | |
| vs. | : | C.A. NO.: 06-06-T |
| | : | |
| SILVON SOFTWARE, INC. | : | |

## ANSWER

Now comes defendant, Silvon Software, Inc. and for its Answer to plaintiff's Complaint states as follows:

### Parties and Jurisdiction

1. Defendant admits the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. Defendant admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. Defendant denies the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. Defendant denies the allegations contained in Paragraph 4 of Plaintiff's Complaint.

### Facts Common to All Counts

#### Nature of Cross's Business

5. Defendant neither admits nor denies the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. Defendant neither admits nor denies the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. Defendant neither admits nor denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Defendant neither admits nor denies the allegations contained in Paragraph 8 of Plaintiff's Complaint.

#### The Request for Information, Silvon, and the Stratum Solution Systems

9. Defendant admits the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. Defendant admits the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. Defendant denies it made any misrepresentations of its Stratum Solution System to the Plaintiff.

12. Defendant denies that it withheld any information from the Plaintiff or that it made any improper advisements.

13. Defendant denies that it made any assertions regarding minimal customizations.

14. Defendant denies that Plaintiff relied on Silvon's express representations.

15. Defendant neither admits nor denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. Defendant admits the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. Defendant denies that it made any such representations.

18. Defendant neither admits nor denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. Defendant denies the allegations that it withheld any information to the Plaintiff at any time.

20. Defendant denies that any services were delayed or performed in a sub-par manner as alleged in Paragraph 20 of Plaintiff's Complaint.

21. Defendant denies that the software in question was never fully implemented or able to perform essential functions as alleged.

22. Defendant denies that the software was incapable of performing the tasks described in Paragraph 22 of Plaintiff's Complaint.

23. Defendant neither admits nor denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

**Delivery of the Stratum System**

25. Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. Defendant denies that Plaintiff exhibited its best efforts to work out any problems with the system.

27. Defendant neither admits nor denies the allegations contained in this paragraph.

28. Defendant admits the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29. Defendant denies that it was unable to make the software function as originally agreed.

30. Defendant denies that Cross had no choice but to take the system offline.

31. Defendant denies that the software provided nothing of value to Cross.

32. Defendant denies that it did not deliver a computer forecasting system, which conformed to the parties' agreement.

33. Defendant denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34. Defendant admits the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35. Defendant admits the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36. Defendant neither admits nor denies the allegations contained in Paragraph 36 of Plaintiff's Complaint.

**COUNT I**
**(Equitable Rescission -**
**Misrepresentation in the Inducement)**

37. Defendant readmits its answers to Paragraph 1 through 36 as if fully rewritten herein.

38. Defendant denies the allegations contained in Paragraph 38 of Plaintiff's Complaint. Defendant specifically denies making any misrepresentations to the Plaintiffs.

39. Defendant denies the allegations contained in Paragraph 39 of Plaintiff's Complaint. Defendant specifically denies making any misrepresentations to the Plaintiffs.

**COUNT II**
**(Breach of Contract)**

40. Defendant readmits its answers to Paragraphs 1 through 39 as if fully rewritten herein.

41. Defendant denies the allegations contained in Paragraph 41 of Plaintiff's Complaint. Defendant specifically denies that Cross fully performed all of its obligations under the terms of the agreement and that Silvon tended a nonconforming product or services.

42. Defendant denies the allegations contained in Paragraph 42 of Plaintiff's Complaint. Defendant specifically denies that Cross fully performed all of its obligations under the terms of the agreement and that Silvon tended a nonconforming product or services.

43. Defendant denies the allegations contained in Paragraph 43 of Plaintiff's Complaint. Defendant specifically denies that Cross fully performed all of its obligations under the terms of the agreement and that Silvon tended a nonconforming product or services.

44. Defendant denies the allegations contained in Paragraph 44.

**COUNT III**
**(Breach of Warranty)**

45. Defendant readmits its answers to Paragraphs 1 through 44 as if fully rewritten herein.

46. Defendant neither admits nor denies the allegations contained in Paragraph 46 of Plaintiff's Complaint.

47. Defendant neither admits nor denies the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48. Defendant denies the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49. Defendant denies the allegations contained in Paragraph 49 of Plaintiff's Complaint.

50. Defendant denies the allegations contained in Paragraph 50 of Plaintiff's Complaint.

**COUNT IV**
**(Breach of Warranty of Quality and Performance in Workmanlike Manner)**

51. Defendant readmits its answers to Paragraphs 1 through 50 as if fully rewritten herein.

52. Defendant neither admits nor denies the allegations contained in Paragraph 52 of Plaintiff's Complaint.

53. Defendant denies the allegations contained in Paragraph 53 of Plaintiff's Complaint.

54. Defendant denies the allegations contained in Paragraph 54 of Plaintiff's Complaint.

**COUNT V**
**(Breach of Implied Warranty of Merchantabillity)**

55. Defendant readmits its answers to Paragraphs 1 through 54 as if fully rewritten herein.

56. Defendant denies the allegations contained in Paragraph 56 of Plaintiff's Complaint.

57. Defendant denies the allegations contained in Paragraph 57 of Plaintiff's Complaint.

**COUNT VI**
**(Breach of Implied Warranty of Fitness For a Particular Purpose)**

58. Defendant readmits its answers to Paragraphs 1 through 57 as if fully rewritten herein.

59. Defendant denies the allegations contained in Paragraph 59 of Plaintiff's Complaint.

60. Defendant denies the allegations contained in Paragraph 60 of Plaintiff's Complaint.

**COUNT VII**
**(Breach of Implied Warranty of Integration)**

61. Defendant readmits its answers to Paragraphs 1 through 61 as if fully rewritten herein.

62. Defendant neither admit nor denies the allegations contained in Paragraph 62 of Plaintiff's Complaint.

63. Defendant neither admits nor denies the allegations contained in Paragraph 63 of Plaintiff's Complaint.

64. Defendant denies the allegations contained in Paragraph 64 of Plaintiff's Complaint.

**COUNT VIII**
**(Breach of Implied Covenant of Good Faith And Fair Dealing)**

65. Defendant readmits its answers to Paragraphs 1 through 64 as if fully rewritten herein.

66. Defendant denies the allegations contained in Paragraph 66 of Plaintiff's Complaint.

67. Defendant denies the allegations contained in Paragraph 67 of Plaintiff's Complaint.

**COUNT IX**
**(Misrepresentations)**

68. Defendant readmits its answers to Paragraphs 1 through 67 as if fully rewritten herein.

69. Defendant denies the allegations contained in Paragraph 69 of Plaintiff's Complaint.

70. Defendant denies the allegations contained in Paragraph 70 of Plaintiff's Complaint.

71. Defendant denies the allegations contained in Paragraph 71 of Plaintiff's Complaint.

72. Defendant denies the allegations contained in Paragraph 72 of Plaintiff's Complaint.

73. Defendant denies the allegations contained in Paragraph 73 of Plaintiff's Complaint.

**COUNT XI**
**(Unjust Enrichment)**

74. Defendant readmits its answers to Paragraphs 1 through 73 as if fully rewritten herein.

75. Defendant denies the allegations contained in Paragraph 75 of Plaintiff's Complaint.

76. Defendant denies the allegations contained in Paragraph 76 of Plaintiff's Complaint.

77. Defendant denies the allegations contained in Paragraph 77 of Plaintiff's Complaint.

78. Defendant denies the allegations contained in Paragraph 78 of Plaintiff's Complaint.

79. Defendant denies the allegations contained in Paragraph 79 of Plaintiff's Complaint.

WHEREFORE, Defendant prays that this Court dismiss the Plaintiff's Complaint and enter an Order of judgment in favor of the Defendant as well as award Defendant its costs in prosecuting this matter.

Defendant
By Its Attorneys,

Anthony J. Gianfrancesco, Esq.
Baluch, Gianfrancesco, Mathieu & Alger
155 South Main Street
Providence, Rhode Island 02903
(401) 331-1434

**FIRST AFFIRMATIVE DEFENSE**

The Defendant, Silvon Software, Inc. denies all the allegations in the Complaint not specifically admitted herein.

**SECOND AFFIRMATIVE DEFENSE**

The claims purported to be set forth in this Complaint against Defendant, Silvon Software, Inc. are barred because Silvon Software, Inc.'s actions or failure to act, if any, which are specifically denied were not the proximate cause of the harm alleged by the Plaintiff.

**THIRD AFFIRMATIVE DEFENSE**

Defendant, Silvon Software, Inc. states that to the extent that it had any obligation to the Plaintiff such obligations have been fully, completely and properly performed in all respects.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to mitigate its damages and any recovery sought against Defendant, Silvon Software, Inc. and must be barred or reduced accordingly.

**FIFTH AFFIRMATIVE DEFENSE**

The claims purported to be set forth in the Complaint are barred because Defendant, Silvon Software, Inc. did not breach any duty owed to the Plaintiff.

**SIXTH AFFIRMATIVE DEFENSE**

The Defendant, Silvon Software, Inc. raises the affirmative defense of insufficiency of service of process.

**SEVENTH AFFIRMATIVE DEFENSE**

The Court lacks jurisdiction of the claims alleged in Plaintiff's Complaint.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendant, Silvon Software, Inc. intends to rely upon such other and further defenses as it may become apparent during the discovery of this action and reserves the right to amend this Answer to certain such defense.

WHEREFORE, Defendant, Silvon Software, Inc. requests that this Court enter judgment dismissing the Complaint and award the Defendant its costs, including attorney fees in connection with this action and other such relief as this Court deems just and appropriate.

Defendant
By Its Attorneys,

Anthony J. Gianfrancesco, Esq.
Baluch, Gianfrancesco, Mathieu & Alger
155 South Main Street
Providence, Rhode Island 02903
(401) 331-1434

**CERTIFICATION**

I hereby certify that a true copy of the within was mailed to William R. Grimm, Esq., Hinckley, Allen & Snyder, LLP, 1500 Fleet Center, Providence, Rhode Island 02903 on this 13th day of February, 2006.